## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATRICIA SHIELDS** | CIVIL ACTION |
| VERSUS | NO. 16-1826 |
| **DOLGENCORP, LLC &** | SECTION "L" |
| **COCA-COLA REFRESHMENTS USA, INC.** | |

## ORDER & REASONS

Before the Court is a Motion for Summary Judgment on behalf of defendant DG, Louisiana, LLC ("DG"). Having considered the parties' briefs and the applicable law, the Court now issues this Order and Reasons.

**I.      BACKGROUND**

This case arises out of an incident that occurred on or about February 4, 2014. On that day, Latricia Shields ("Plaintiff") was visiting a Dollar General Store in Slidell when a shelf fell on her causing "injury to her person" requiring "medical attention." (R. Doc. 1-1 at 6). Plaintiff had previously visited that same Dollar General almost every day. On March 31, 2014, Plaintiff filed her Original Petition for Damages naming Dolgencorp, LLC ("Dolgencorp") as the sole defendant. *Id.*

On or about April 23, 2014, Plaintiff filed her First Supplemental & Amended Petition for Damages ("First Amended Petition"). *Id.* at 2. This petition substituted DG Louisiana, LLC, ("DG") as defendant in place of Dolgencorp and Coca-Cola Refreshments USA, Inc. ("CCR") as an additional defendant (together, "Defendants") on the grounds that CCR was responsible for maintaining and shelving drinks for DG at the store in Slidell where the alleged accident occurred. *Id.* at 3.

Plaintiff sought to recover for pain and suffering, loss of enjoyment of life, loss of wages and/or earning capacity, medical and health care expenses (past and future), legal interest, recoverable costs, and other general and equitable relief.  Defendants filed answers and conducted some written discovery.  (R. Doc. 4)

During a Discovery Conference in the state court proceeding, counsel for Plaintiff advised defendants that the amount of Plaintiff's claim now exceeds $75,000; specifically, in a supplemental response to an interrogatory, Plaintiff provided that her general damages and wage loss claim alone exceeds $80,000, plus the cost of past, present, and future medical treatment and other damages Plaintiff seeks to recover.  (R. Doc. 1 at 6-7).  Accordingly, on March 3, 2016, CCR filed a notice of removal to federal court.  (R. Doc. 1).

DG filed a Motion for Summary Judgment on June 6, 2016. Plaintiff filed an opposition to that motion on June 17, 2016, and, with leave of the Court, DG filed a reply in support of their motion on June 21, 2016.

## II.    LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir.2008).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot avoid summary judgment ... by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir.2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little,* 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta,* 530 F.3d at 399.

## III.    ANALYSIS

Defendant DG seeks an entry of summary judgment against Plaintiff Shields. Specifically, DG argues that Plaintiff cannot present evidence of two of the essential elements of her claim that DG is responsible for the condition of the beverage cooler: the existence of a condition that posed an unreasonable risk of harm to Plaintiff on the premises, and actual or constructive knowledge of the risk posed. (R. Doc. 10-2 at 5).

In Louisiana, custodial liability is codified under La. C.C.P. art. 2317.1:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage

3

> could have been prevented by the exercise of reasonable care, and
> that he failed to exercise such reasonable care.

(emphasis added). Thus, plaintiff bears the burden of proving: (1) the property that caused the damage was in the "custody" of the defendant; (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was a cause in fact of the resulting injury; and (4) the defendant had actual or constructive knowledge of the risk. La. Civ. Code arts. 2317.1, 2322; Vinccinelli v. Musso, 818 So.2d 163, 165 (La. App. 1 Cir. 2/27/02), cited in Wiggins v. U.S., 2009 WL2176043, * 3 (E.D. La. 2009). DG contests elements 2 and 4.

DG additionally relies on the expert testimony of Kevin Vanderbrook who inspected the cooler on October 26, 2015, over a year and a half after the incident in question. (R. Doc. 10-2 at 2). Mr. Vanderbrook concluded that the cooler shelf could not have slid out of the cooler and fallen on Plaintiff's shoulder given the way the shelf is installed and that the width of the shelf is greater than the width of the door. *Id*. at 2-3.

Plaintiff, in her Memorandum in Opposition to the Motion for Summary Judgment, opposes DG's motion, arguing that summary judgment is inappropriate because genuine issues of material fact remain in this case. (R. Doc. 12-4). While the parties agree as to some general specifications of the beverage cooler at issue, Defendant asserts various other specifications that the Plaintiff contests, including whether the shelf was properly installed, the possibility of a shelf sliding out of the cooler, and what would be required to remove a shelf from the cooler. *Id*. at 10-11. Plaintiff also contests the expert analysis of Kevin Vanderbrook, including whether his inspection can be used to prove the condition of the cooler at the time of the incident in question. (R. Doc. 12-3 at 4). Finally, Plaintiff claims that DG mischaracterizes or misunderstands her testimony about how the shelf fell on her shoulder. Plaintiff argues further questioning and

4

clarification would clear up her testimony and demonstrate the way the shelf fell on her shoulder. *Id.* at 2.

> No evidence of an unreasonable risk of harm

The Plaintiff does not respond to DG's allegation that there is no evidence that the condition of the beverage cooler posed an unreasonable risk of harm to the Plaintiff. DG points to the testimony of their expert witness, Kevin Vanderbrook, who opined that the shelf did not contain a defect or pose an unreasonable risk of harm. (R. Doc. 10-2 at 6). DG notes that Plaintiff did not submit her own expert testimony and claim her petition and deposition are insufficient to defeat a motion for summary judgment. Despite the fact that Plaintiff did not directly address this issue, at this time, discovery is in its early stage and witness deadlines have not yet expired. While it is true that Plaintiff has not yet put on an expert, at this time in this litigation, it would be imprudent to rely on the testimony of one witness who studied the cooler and declared that it had no defect one-and-a-half years after the incident. Further information is likely required.

> No evidence of actual or constructive knowledge

Plaintiff contests DG's assertion that she provides no evidence of actual or constructive knowledge of the risk the cooler posed to Plaintiff. Plaintiff contends that at this point in the case, there is no way for her to know how long the cooler had been in a hazardous state, but a factfinder can reasonably infer that it is more probable than not that the condition existed for sufficient time that it should have been discovered and remedied. (R. Doc 12-3 at 4); *Finley v. RaceTrac Petroleum, Inc.* 137 So. 3d 193 (La. App. 2 Cir. 2014). The Plaintiff argues that whether the length of time the cooler was in this condition is sufficient for constructive notice is a question for the factfinder. While the Court in *Finley* granted summary judgment for the Defendant when the plaintiff failed to put forward evidence that the condition existed for a

period of time sufficient to place the defendant on notice, summary judgment was granted further along in the case after more discovery and fact-finding took place. Finding summary judgement at this stage is premature.

### Res Ipsa Loquitor

In their Reply Memorandum, DG further argues that Plaintiff incorrectly relies on *Res Ipsa Loquitur* – the fact that the accident happened is sufficient to presume negligence. *Res Ipsa Loquitur* is only applicable where direct evidence of negligence is unavailable. *Linnear v. CenterPoint Energy Entex/Reliant Energy*, 966 So. 2d 36, 42 (La. 2007). They argue that Plaintiff's own testimony that the shelf did not fall until she opened the cooler, grabbed a bottle of Vitamin Water, and then was struck on the knuckle by an unknown object, makes *Res Ipsa Loquitur* inapplicable. While it is true that Plaintiff cannot rely on *Res Ipsa Loquitor* if other evidence is available, the argument that Plaintiff's actions in this case demonstrate negligence on her part is unconvincing. Based on Plaintiff's deposition testimony, she reached in the cooler and something inside that cooler injured her hand. When she pulled her hand out, the shelf fell. Nothing about this scenario is, on its face, negligent. Finally, this argument, like the two preceding, may well be sufficient for summary judgment had more fact-finding and discovery taken place in this case. At this stage, it is premature.

### IV.    CONCLUSION

Summary judgment can only be granted if there is not genuine issue as to any material fact.  *See* Fed. R. Civ. Pro. 56(c).  Therefore, the Court finds that summary judgment is not appropriate at this time as the facts of the case have yet to be fully discovered. However, the movant may re-file this motion after discovery has been completed.

Considering the foregoing, **IT IS ORDERED** that the Motion for Summary Judgment

(R. Doc. 10) is **DENIED**.

New Orleans, Louisiana, this 24th day of June, 2016.

_____

UNITED STATES DISTRICT JUDGE