**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LATRICIA SHIELDS** | CIVIL ACTION |
| **VERSUS** | NO. 16-1826 |
| **DOLGENCORP, LLC &** <br> **COCA-COLA REFRESHMENTS USA, INC.** | SECTION "L" |

## ORDER & REASONS

Before the Court is a Motion for Summary Judgment on behalf of defendant Coca-Cola Refreshments USA, Inc. ("CCR"). (R. Doc. 18). Having considered the parties' briefs and the applicable law, the Court now issues this Order and Reasons.

### I.     BACKGROUND

This case arises out of an incident that occurred on or about February 4, 2014.  On that day, Latricia Shields ("Plaintiff") was visiting a Dollar General Store in Slidell when a shelf allegedly fell on her causing "injury to her person" requiring "medical attention." (R. Doc. 1-1 at 6).  Plaintiff had previously visited that same Dollar General almost every day. On March 31, 2014, Plaintiff filed her Original Petition for Damages naming Dolgencorp, LLC ("Dolgencorp") as the sole defendant.  *Id.*

On or about April 23, 2014, Plaintiff filed her First Supplemental & Amended Petition for Damages ("First Amended Petition").  *Id.* at 2. This petition substituted DG Louisiana, LLC, ("DG") as defendant in place of Dolgencorp and Coca-Cola Refreshments USA, Inc. ("CCR") as an additional defendant (together, "Defendants") on the grounds that CCR was responsible for maintaining and shelving drinks for DG at the store in Slidell where the alleged accident occurred.  *Id.* at 3.

Plaintiff sought to recover for pain and suffering, loss of enjoyment of life, loss of wages and/or earning capacity, medical and health care expenses (past and future), legal interest, recoverable costs, and other general and equitable relief.  Defendants filed answers and conducted some written discovery.  (R. Doc. 4)

During a Discovery Conference in the state court proceeding, counsel for Plaintiff advised defendants that the amount of Plaintiff's claim now exceeds $75,000; specifically, in a supplemental response to an interrogatory, Plaintiff provided that her general damages and wage loss claim alone exceeds $80,000, plus the cost of past, present, and future medical treatment and other damages Plaintiff seeks to recover.  (R. Doc. 1 at 6-7).  Accordingly, on March 3, 2016, CCR filed a notice of removal to federal court.  (R. Doc. 1).

DG filed a Motion for Summary Judgment on June 6, 2016. Plaintiff filed an opposition to that motion on June 17, 2016, and, with leave of the Court, DG filed a reply in support of their motion on June 21, 2016. The Court denied that motion on June 27, 2016, reasoning that summary judgment was not appropriate because the facts of the case had not yet been fully discovered. (R. Doc. 19). The Court noted, however, that DG could re-file a motion for summary judgment after discovery had been completed. *Id*.

On July 22, 2015, CCR also filed a Motion for Summary Judgment. (R. Doc. 18). Plaintiff filed an opposition to that motion on July 8, 2016. (R. Doc. 20), and CCR thereafter filed a reply. (R. Docs. 29, 31).

## II.    LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477

2

U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir.2008).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot avoid summary judgment ... by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir.2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986).  All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little,* 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta,* 530 F.3d at 399.

## III.    ANALYSIS

Defendant CCR seeks an entry of summary judgment against Plaintiff Shields. Specifically, CCR argues that Shields' only cause of action against CCR is based on the theory of custodial liability, or *garde*, and that there is no genuine issue of material fact regarding the essential elements of that claim. (R. Doc. 18 at 1).

In Louisiana, custodial liability is codified under La. C.C.P. art. 2317.1:

> The owner or custodian of a thing is answerable for damage
> occasioned by its ruin, vice, or defect, only upon a showing that he
> knew or, in the exercise of reasonable care, should have known of
> the ruin, vice, or defect which caused the damage, that the damage
> could have been prevented by the exercise of reasonable care, and
> that he failed to exercise such reasonable care.

Thus, plaintiff bears the burden of proving: (1) the property that caused the damage was in the

"custody" of the defendant; (2) the property had a condition that created an unreasonable risk of

harm to persons on the premises; (3) the unreasonably dangerous condition was a cause in fact of

the resulting injury; and (4) the defendant had actual or constructive knowledge of the risk. La.

Civ. Code arts. 2317.1, 2322; Vinccinelli v. Musso, 818 So.2d 163, 165 (La. App. 1 Cir.

2/27/02), cited in Wiggins v. U.S., 2009 WL2176043, * 3 (E.D. La. 2009).

*CCR's Motion for Summary Judgment*

In its Motion for Summary Judgment, CCR denies liability and argues that Plaintiff's

claims must be dismissed because she cannot meet her burden. (R. Doc. 18-1 at 8). Looking to

La. Civ. Code Art. 2317.1, CCR avers that there is no genuine issue of material fact to support

Plaintiff's claim that "(1) the cooler and its shelf were owned by or in the custody or control of

CCR; (2) the cooler and its shelf had a vice or defect that created an unreasonable risk of harm;

(3) this vice or defect was a cause in fact of Plaintiff's injuries; and (4) CCR had actual or

constructive knowledge of the risk." *Id*. at 8-9. Because no genuine issue of material fact exists,

CCR contends, the motion for summary judgment must be granted.

First, CCR argues that there is no evidence that CCR had custody, care, or control of the

cooler or shelf in question. Under Louisiana law, courts look to (1) ownership, which creates a

rebuttable presumption of *garde*, and (2) if no ownership, whether the person has a right of

direction or control and what type of benefit they derived from the thing. *Cologne v. Shell Oil*

4

*Co.*, 2013 WL 5781705 \*5 (E.D. La. Oct. 15, 2013) (Fallon, J.). CCR avers that there is no evidence (1) that CCR owned the cooler or (2) that CCR exercised direction or control and derived some benefit from the cooler. Plaintiff therefore fails to survive a motion for summary judgment.

Secondly, CCR argues that even if the Court finds CCR had *garde*, Plaintiff presents no evidence that the cooler or shelf had a defect or vice creating an unreasonable risk of harm. The existence of an accident does not on its own prove that a device or defect created an unreasonable risk of harm. *Thread v. Ankor Energy, LLC*, 2012 WL 1398439 \* 2 (E.D. La. 2012). Instead, "the defect must be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances." *Michelli v. Liberty Int'l Underwriters*, 2011-1210 ( La. App. 1 Cir 04/25/12) (citing *Durmon v. Billings*, 38,514, p. 7 (La. App. 2 Cir. 5/12/04), 873 So.2d 872, 876-877)). CCR argues that not only did Plaintiff offer no evidence that a defect created an unreasonable risk of harm, Plaintiff did not even *allege* any defect or vice in the cooler or shelf, thus failing to survive a motion for summary judgment.

Finally, CCR avers that even if they had *garde* of the cooler and shelf and even if a defect created an unreasonable risk of harm, Plaintiff offers no evidence that CCR had actual or constructive knowledge of that defect or vice. (R. Doc. 18-1 at 14). CCR was never put on notice of any defect and therefore had no duty to remediate any defect. *Oster v. Dep't of Transp. & Devel.*, 582 So. 2d 1285, 1288 (La. 1991). Plaintiff never claims that CCR knew or should have known of any defect and offers no evidence suggesting such notice or knowledge. Therefore, CCR argues, she does not survive the motion for summary judgment.

*Plaintiff's Opposition*

Plaintiff originally opposed CCR's motion, arguing that discovery is ongoing and that summary judgment is inappropriate at this time. (R. Doc. 20). Plaintiff relied on DG's assertion that CCR was responsible for stocking the coolers and sough further discovery to elucidate CCR's role. However, at oral argument on August 31, 2016, Plaintiff informed the court that the parties had conducted further discovery and that Plaintiff now longer believed or sought to argue that CCR had *garde* or custody over the coolers.

Plaintiff also attached to her opposition an earlier opposition filed in state court against CCR's state-court motion for summary judgment. In the earlier opposition, Plaintiff argues that CCR did not provide any evidence disproving their involvement, and since Plaintiff is a lay person without business knowledge of CCR and DG, further discovery is necessary to answer the factual question of whether there was negligence on the part of CCR. (R. Doc. 20-1). At oral argument, Plaintiff argued that while they had no evidence suggesting CCR was negligent in stocking the cooler, neither did they have any evidence disproving CCR's negligence.

## IV.    CONCLUSION

Because Plaintiff no longer contends that CCR had *garde* or custodial liability of the cooler or shelf, Plaintiff's claim under La. C.C.P. art. 2317.1 must be dismissed because having custody or control over the item at issue is an essential element to a claim under custodial liability, or *garde*.

Plaintiff's theory of negligence is also untenable. That theory was never introduced in Plaintiff's pleadings, and it is untimely to add such claim at this point in the proceedings. Additionally, Plaintiff bears the burden of showing at least *some* evidence that CCR was negligent in order for her claim to survive a motion for summary judgment. Plaintiff cannot rely

solely on unsubstantiated claims. Conversely, CCR bears no responsibility to prove lack of negligence in stocking the coolers. Therefore, Plaintiff cannot keep the claim alive by merely suggesting CCR may have been negligent.

Summary judgment can only be granted if there is not genuine issue as to any material fact. *See* Fed. R. Civ. Pro. 56(c). No genuine issue of material fact exists in Plaintiff's claim against CCR, either under the theory of *garde* or negligence.

Considering the foregoing, **IT IS ORDERED** that CCR's Motion for Summary Judgment (R. Doc. 18) is **GRANTED**.

New Orleans, Louisiana, this 1st day of September, 2016.

_____
UNITED STATES DISTRICT JUDGE