UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATRICIA SHIELDS** | CIVIL ACTION |
| VERSUS | NO. 16-1826 |
| **DOLGENCORP, LLC &** <br> **COCA-COLA REFRESHMENTS USA, INC.** | SECTION "L" |

## ORDER & REASONS

Before the Court is a Motion for Summary Judgment field by Defendant DG Louisiana, LLC. (R. Doc. 44). The Plaintiff has filed an Opposition (R. Docs. 54). Upon leave of the Court, Defendant filed a Reply. (R. Docs. 61). Having considered the parties' briefs and the applicable law, the Court now issues this Order and Reasons.

**I.    BACKGROUND**

This case arises out of an incident that allegedly occurred on or about February 4, 2014. On that day, Latricia Shields ("Plaintiff") was visiting a Dollar General Store in Slidell when a shelf in a beverage cooler allegedly fell on her causing "injury to her person" requiring "medical attention." (R. Doc. 1-1 at 6). Plaintiff had previously visited that same Dollar General almost every day. On March 31, 2014, Plaintiff filed her Original Petition for Damages naming Dolgencorp, LLC ("Dolgencorp") as the sole defendant. *Id.*

On or about April 23, 2014, Plaintiff filed her First Supplemental & Amended Petition for Damages ("First Amended Petition"). *Id.* at 2. This petition substituted DG Louisiana, LLC, ("DG") as defendant in place of Dolgencorp and Coca-Cola Refreshments USA, Inc. ("CCR") as an additional defendant (together, "Defendants") on the grounds that CCR was responsible for

maintaining and shelving drinks for DG at the store in Slidell where the alleged accident occurred. *Id.* at 3.

Plaintiff sought to recover for pain and suffering, loss of enjoyment of life, loss of wages and/or earning capacity, medical and health care expenses (past and future), legal interest, recoverable costs, and other general and equitable relief. Defendants filed answers and conducted some written discovery. (R. Doc. 4)

During a Discovery Conference in the state court proceeding, counsel for Plaintiff advised defendants that the amount of Plaintiff's claim now exceeded $75,000; specifically, in a supplemental response to an interrogatory, Plaintiff provided that her general damages and wage loss claim alone exceeds $80,000, plus the cost of past, present, and future medical treatment and other damages Plaintiff seeks to recover. (R. Doc. 1 at 6-7). Accordingly, on March 3, 2016, CCR filed a notice of removal to federal court. (R. Doc. 1).

DG filed a Motion for Summary Judgment on June 6, 2016. (R. Doc. 10). The Court denied that motion on June 27, 2016, reasoning that summary judgment was not appropriate because the facts of the case had not yet been fully discovered. (R. Doc. 19). The Court noted, however, that DG could re-file a motion for summary judgment after discovery had been completed. *Id*.

On June 22, 2015, CCR also filed a Motion for Summary Judgment. (R. Doc. 18). After oral argument, the Court granted that Motion on September 6, 2016. (R. Doc. 33). Accordingly, DG is now the sole defendant in this case. DG now files the present motions for summary judgment. (R. Docs. 42, 44, 45).

## II.     THE PRESENT MOTION

### A.     Legal Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir.2008).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot avoid summary judgment ... by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir.2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little,* 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta,* 530 F.3d at 399.

### B.   DG's Arguments

DG filed this Motion for Summary Judgment arguing that there is no genuine issue of material fact. (R. Doc. 44-2). DG reviews Plaintiff's description of the incident and compares it with the testimony of Kevin Vanderbrook. *Id*. at 1-3. Further, DG highlights that since the time that the Court denied its prior motion for summary judgment (R. Doc. 19) because discovery had not yet been completed, Plaintiff has not conducted any more discovery sufficient to create a genuine issue of material fact on DG's liability. *Id*. at 3.

DG argues that Plaintiff fails to prove two necessary elements of her claim: that there existed a ruin, vice or defect that posed un unreasonable risk of harm to the Plaintiff and that DG knew or should have known of that ruin, vice, or defect. *Id*. at 5. DG avers that Plaintiff has only offered conclusory allegations that there was a defect in the shelf – she has no witness to the incident nor does she employ an expert to support her theory. *Id*. at 6-7. Accordingly, DG argues that Plaintiff fails to provide any evidence that the shelf contained a defect. *Id*. Further, DG avers that Plaintiff provides no evidence that DG had notice of the alleged defect. *Id*. at 7.

### C.   Plaintiff's Response

Plaintiff opposes DG's motion, argues that it is a reiteration of their previously-filed motion for summary judgment, and adopts her prior opposition *in extenso*. (R. Docs. 54). Plaintiff, in her prior Opposition, argues that summary judgment is inappropriate because genuine issues of material fact remain in this case. (R. Doc. 12-4). While the parties agree on certain general specifications of the beverage cooler at issue, Plaintiff asserts there are issues of material fact regarding whether the shelf was properly installed, the possibility of a shelf sliding out of the cooler, and what would be required to remove a shelf from the cooler. *Id*. at 10-11. Plaintiff also contests the expert analysis of Kevin Vanderbrook, including whether his

4

inspection can be used to prove the condition of the cooler at the time of the incident in question. (R. Doc. 12-3 at 4). Finally, Plaintiff claims that DG mischaracterizes or misunderstands her testimony about how the shelf fell on her shoulder. Plaintiff argues further questioning and clarification would clear up her testimony and demonstrate how the shelf fell on her shoulder. *Id*. at 2.

### D. Analysis

When this Court denied DG's prior motion for summary judgment, it did so because the discovery process was not yet completed in this case. (R. Doc. 19). That is no longer true.

In Louisiana, custodial liability is codified under La. C.C.P. art. 2317.1:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

Thus, plaintiff bears the burden of proving: (1) the property that caused the damage was in the "custody" of the defendant; (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was a cause in fact of the resulting injury; and (4) the defendant had actual or constructive knowledge of the risk. La. Civ. Code arts. 2317.1, 2322; *Vinccinelli v. Musso*, 818 So.2d 163, 165 (La. App. 1 Cir. 2/27/02), cited in *Wiggins v. U.S.*, 2009 WL2176043, * 3 (E.D. La. 2009). DG contests elements 2 and 4.

DG relies on the expert testimony of Kevin Vanderbrook who inspected the cooler on October 26, 2015, over a year and a half after the incident in question. Mr. Vanderbrook concluded that, based on the design of the cooler, it would be impossible for the shelf to slide out of the cooler and fall on Plaintiff's shoulder, given the way the shelf is installed and that the width of the shelf is greater than the width of the door. (R. Doc. 44-2 at 2-3).

Discovery has now been completed in this case, and Plaintiff still fails to provide evidence that the condition of the beverage cooler posed an unreasonable risk of harm. DG retained an expert, Kevin Vanderbrook, P.E., who opined that the shelf did not contain a defect or pose an unreasonable risk of harm. (R. Doc. 44-2 at 6). Plaintiff, however, submitted no expert testimony, nor did she submit any other evidence to support her theory of the case. It is Plaintiff's burden to prove the existence of a defect and that that defect created an unreasonable risk of harm. *Mc Kinnie v. DOTD*, 426 So.2d 344 (La. App. 2 Cir. 1983)). She did not do so. Because Plaintiff rests her case on conclusory allegations, which are insufficient to survive a motion for summary judgment, her claim fails.

Further, Plaintiff offers no evidence that DG had actual or constructive knowledge of the alleged defect, as is required under Louisiana law. *See*, *e.g.*, *Burmaster v. Plaquemines Parish Gov't*, 982 So. 2d 795, 799 (La. 2008) ("[W]ith its adoption of [Article 2317.1] to require knowledge or constructive knowledge, the Legislature effectively eliminated strict liability under Article 2317, turning it into a negligence claim."). Plaintiff offers no evidence of such knowledge sufficient to prove negligence. As in *Theard v. Ankor Energy, LLC*, "[h]ere, plaintiff has not offered admissible evidence raising an issue of fact that [there] was an apparent defect about which [Defendant] should have known. Indeed, Defendant's] industry expert found no evidence [of a defect], nor did plaintiff offer any such evidence." No. 11-2293, 2012 U.S. Dist. LEXIS 56332, at *8 (E.D. La. Apr. 23, 2012). Plaintiff re-alleges her opposition to DG's prior motion, but the arguments she makes in that opposition are no longer relevant or applicable. In that opposition, Plaintiff contends that there is no way to know whether DG was on notice at this point in the discovery process. (R. Doc 12-3 at 4); *Finley v. RaceTrac Petroleum, Inc.* 137 So. 3d 193 (La. App. 2 Cir. 2014). As state above, however, discovery is now complete. The Court in

*Finley* granted summary judgment for the Defendant when the plaintiff failed to put forward evidence that the condition existed for a period of time sufficient to place the defendant on notice. *Finley*, 137 So. 3d 193. So too in this case, Plaintiff has submitted no evidence suggesting DG had notice of the alleged defect. Accordingly, summary judgment in favor of DG is now ripe and the Court finds summary judgment in favor of DG to be appropriate.

It is also worth noting that DG filed another motion for summary judgment arguing that Plaintiff had not proved medical causation. (R. Doc. 45-2 at 1). Plaintiff seeks to prove medical causation not with a medical doctor, but with a nurse practitioner. While this Court acknowledges that a nurse practitioner has more training and licensure than a registered nurse, it is not to the same degree as a license to practice medicine. Under La. R. S. 37:913(13), a license to practice nursing does not qualify a nurse to render medical diagnosis or opine on medical causation. *See*, *Dade v. Clayton*, No. 12-0680, 2012 U.S. Dist. LEXIS 152285, at *16 (W.D. La. Oct. 23, 2012). While it appears that there may be an issue as to whether the witnesses Plaintiff seeks to introduce for medical testimony should be allowed to testify and whether they did or can provide any testimony regarding medical causation, the Court does not need to reach the merits of these arguments. The current motion for summary judgment is alone sufficient to dismiss the case. The same goes for DG's Motion for Partial Summary Judgment on Plaintiff's wage claim (R. Doc. 42) and DG's two motions in limine to exclude medical testimony (R. Docs. 43, 46).

### III.     CONCLUSION

For the reasons stated above, **IT IS ORDERED** that DG's Motion for Summary Judgment (R. Doc. 44) is **GRANTED**.

**IT IS FURTHER ORDERED** that DG's remaining motions (R. Docs. 42, 43, 45, and 46) are hereby rendered **MOOT**.

New Orleans, Louisiana, this 23rd day of November, 2016.

_____
UNITED STATES DISTRICT JUDGE